UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JULIAN DELACRUZ,

    Defendant.

                                  /

Case No. 15-cr-30393

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

## OPINION AND ORDER REVOKING DEFENDANT'S BOND AND ORDERING DETAINMENT BY THE UNITED STATES MARSHALS

### I. INTRODUCTION

The United States made the instant Motion for Revocation of Bond pursuant to 18 U.S.C. § 3145(a)(1) on August 26, 2015. The United States requests that this Court promptly review the Bond Order of the Magistrate Judge in this case and revoke the Defendant's bond pending trial.

Section 3145 dictates that "[t]he motion shall be determined promptly." 18 USC § 3145(a). The Court conducted a hearing on the matter on August 27, 2015. For the reasons discussed herein, and the reasons stated on the record, the Court **GRANTS** the Government's Motion for Revocation of Bond.

### II. BACKGROUND

On August 10, 2015, the Detroit Police Department executed a search warrant at 8524 Olivet Street, Detroit, Michigan. *See* Dkt. No. 1 at 2, Pg. ID No. 2. Seized during the execution of the search warrant were the following items from the basement bedroom:

- A knotted baggie containing suspected cocaine

- A knotted baggie containing twenty (20) knotted baggies of suspected cocaine
- A second knotted baggie containing twenty (20) knotted baggies of suspected cocaine
- A knotted baggie containing fifty (50) knotted baggies of suspected cocaine
- A knotted baggie containing four (4) knotted baggies of suspected cocaine
- A large knotted baggie containing four (4) knotted baggies of suspected marijuana
- A knotted baggie containing ten (10) knotted baggies of suspected marijuana
- A sandwich baggie containing ten (10) knotted baggies of suspected marijuana
- A digital scale and empty Ziploc sandwich baggies
- A Smith and Wesson bodyguard 380 firearm
- U.S. mail addressed to Julian Delacruz

*See id.* at Pg. ID No. 1-2. Julian Delacruz was arrested and detained on August 10, 2015 upon arriving at the house. A detention hearing took place on August 26, 2015 before Magistrate Judge Mona Majzoub. Magistrate Judge Majzoub granted the Defendant's request for bond. The United States is now seeking review of Judge Majzoub's ruling.

### III. STANDARD OF REVIEW

The Court may review the Magistrate Judge's order releasing a defendant. 18 U.S.C. § 3145(a). "A review of a Magistrate Judge's release order is a *de novo*" review. *United States v. Binford*, 2013 WL 5998698, at *8 (E.D. Mich. November 12, 2013). The District Court must order detention if, after a hearing, it concludes "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. . ." 18 U.S.C. § 3142(e). The Government has the ultimate burden of proof by clear and convincing evidence that the Defendant presents a danger to the community and that no condition or combination of conditions could reasonably assure the safety of the

Defendant or of other persons and the community. *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

## IV. DISCUSSION

The District Court must make findings as to bond or detention based on the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the history and characteristics of the Defendant; and (4) the nature and seriousness of the danger posed by the Defendant's release. *See* 18 U.S.C. § 3142(g). "Subject to rebuttal by the person, it shall be **presumed** that no condition or combination of conditions will reasonably assure. . . the safety of the community" if there is probable cause to believe that the person committed "an offense under [18 U.S.C. § 924(c)] (possession of a firearm in furtherance of drug trafficking)." 18 U.S.C. § 3142(e)(3)(B).

Here, not only was there a considerable amount of drugs and a firearm found as a result of the search warrant, but the owner of the house where the drugs were found, the Defendant's grandmother, provided a written statement stating that the Defendant lived in the basement bedroom where the evidence was recovered. *See* Dkt. No. 1 at Pg. ID No. 3. The Defendant also allegedly admitted to "cooking that cocaine" during an interview with a Detroit Police Officer. *Id.* All of these facts were alleged in a sworn complaint issued by Federal Magistrate Judge Elisabeth Stafford. *Id.* at Pg. ID No. 5. Therefore, there is probable cause that the Defendant has committed an offense under 18 U.S.C. § 924(c), and section 3142(e) is activated. *See United States v. Jones*, 804 F. Supp. 1081, 1086 (S.D. Ind. 1992) (charges in a sworn complaint are sufficient to support probable cause).

Section 3142(e) places the burden of production on the Defendant to present evidence rebutting the presumption of detention. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010);

*see also* 18 U.S.C. § 3142(e). At the hearing, Defense counsel argued that Delacruz was not a flight risk because he has a pregnant girlfriend who lives in Detroit. However, Defense counsel was not able to adequately address the Government's main argument, that Delacruz posed a danger to the community due to his drug trafficking activity. Therefore, the Defense has failed its burden of proof.

Accordingly, the Court agrees with the Government, that section 3142(e) presumption of detention applies, the Defendant's bond will be revoked, and the Defendant will be detained by the United States.

### V. CONCLUSION

For the reasons state above, the Court **GRANTS** the Government's Motion to Revoke Bond, and orders the Defendant to be **DETAINED** by the United States Marshals during the pendency of his case.

IT IS SO ORDERED.

Dated: August 28, 2015

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge